ON APPLICATION FOR ADMISSION TO THE BAR
liPER CURIAM.*
Petitioner, Gary Silva, graduated from law school and applied for admission to the Louisiana State Bar Association. The Committee on Bar Admissions (“Committee”) declined to certify petitioner to sit for the bar examination based on questions regarding his moral fitness. This court permitted the petitioner to sit for the bar examination, with the provision that upon his successful passing of the exam, a commissioner would be appointed to take evidence on petitioner’s moral fitness. Thereafter, we appointed a commissioner, and the commissioner issued a report recommending petitioner be admitted to the' practice of law. The Committee opposed petitioner’s admission. After hearing oral arguments, this court denied admission, ordering that petitioner could reapply for admission in one year. In Re: Silva, 92-2716 (La.6/2/95), 654 So.2d 1086.
One year later, petitioner reapplied for admission. Subsequently, we issued an order transferring the matter to the Office of Disciplinary Counsel (“ODC”), which was authorized to conduct an investigation into the qualifications of petitioner to be admitted to the bar and to issue a written report. In Re: Silva, 97-1004 (La.6/20/97), 695 So.2d 1365.
On December 3, 1997, the ODC filed its report with this court recommending that petitioner be denied admission to the bar due to the lack of the requisite moral character. Petitioner filed a response to this report, and oral arguments were conducted before this court. Because of conflicting facts in the record, and since additional evidence had developed since the last commissioner’s report, we appointed a new commissioner to take evidence and conduct a full evidentiary hearing into petitioner’s character and fitness.
*894 On October 22, 1998, the commissioner issued a report recommending admission be denied. Petitioner filed an opposition to this recommendation, and the parties were permitted to file briefs in this court.
laAfter considering the commissioner’s recommendation, the briefs of the parties, and the evidence, we conclude that petitioner has failed to provide satisfactory evidence that he is “of good moral character” to be admitted to the Louisiana State Bar. See Article 14 § 7(B)(1) of the Louisiana State Bar Association’s Articles of Incorporation.
Accordingly, it is ordered that the application for admission is denied.

 Victory, J. not on panel. Rule IV, Part 2, § 3.